## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

Civil Action No.:_____ 2004 JUN 21 ₱ 1:42

U.S. DISTRICT COURT
DISTRICT OF MASS

04 11476 NG

| | |
|---|---|
| INSURANCE COMPANY OF NORTH AMERICA<br>as the subrogee of<br>THE CARNEY FAMILY INVESTMENT TRUST<br><br>**Plaintiff**<br><br>vs.<br><br>BURR YACHT SALES, INC.,<br>PROFESSIONAL MARINER, LLC<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE _____

**COMPLAINT and
JURY DEMAND**

RECEIPT # _56943_
AMOUNT $ _150_
SUMMONS ISSUED _Yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _T.O.M_
DATE _6/29/04_

### PARTIES

1.    The Plaintiff, Insurance Company of North America, is a duly organized

insurance company with a principal place of business in Philadelphia,

Pennsylvania, and is licensed to do business within the Commonwealth of

Massachusetts.

2.    The Defendant, Burr Yacht Sales, Inc., is a corporation, duly organized under the

laws of the State of Maryland, with its principal place of business located at 1106

Turkey Point Road, Edgewater, Maryland.

3.    The Defendant, Professional Mariner, LLC, is a limited liability company, duly

organized under the laws of the state of New Hampshire, with its principal place

of business located in Rye, New Hampshire.

## JURISDICTIONAL ALLEGATIONS

4.    The Court has jurisdiction over this action pursuant to 28 USC 1332(a) in that the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and complete diversity exists between all parties.

5.    Venue is proper in Massachusetts because the fire occurred off the coast of Massachusetts.

## FACTS

6.    On or about March 12, 2000, the Carney Family Investment Trust (the "Carney Trust") made an initial payment to the Defendant, Burr Yacht Sales, Inc. ("Burr Yachts") as a deposit toward the purchase of a 2001 55' Fleming Motor Yacht (the "Yacht") from Burr Yachts.

7.    The Carney Trust paid the full sales price for and took possession of the Yacht from Burr Yachts in August of 2001.

8.    At the time of purchase, the Yacht was equipped with a Battery Isolator, which had been manufactured, sold, supplied, distributed and/or assembled by the Defendant, Professional Mariner, LLC ("ProMariner") and installed on the Yacht by the defendant, Burr Yachts.

9.    On or about September 9, 2002, while the Yacht was being operated off the coast of Massachusetts, a fire erupted in the lazarette portion of the Yacht.

10.    The fire on the Yacht would not have occurred but for the negligent design, supply, manufacture and/or installation of the Battery Isolator by the Defendants, Burr Yachts and ProMariner.

11.    As a result of the fire, the Carney Trust suffered $950,000.00 in property damage to its Yacht.

12.    At the time of the fire, the Plaintiff, Insurance Company of North America ("INA") was the insurance carrier for the Carney Trust's Yacht.

13.    INA indemnified the Carney Trust for its loss and is subrogated to its rights.

## COUNT I

## NEGLIGENCE (Burr Yachts)

14.    The Carney Trust repeats and incorporates Paragraphs 1 through 13 as if they were more fully set forth herein.

15.    By not designing, assembling and installing the Battery Isolator in a good and workmanlike manner, and/or by supplying and installing a defective Battery Isolator, Burr Yachts breached its duty to the Carney Trust.

16.    The damages suffered by Carney Trust were the direct, proximate, and foreseeable result of the negligence of Burr Yachts.

17.    The damages suffered by Carney Trust would not have occurred but for the negligence and carelessness of Burr Yachts in the supply and installation of the Battery Isolator.

18.    As a result of the negligence and carelessness of Burr Yachts, the Carney Trust suffered $950,000.00 in damages to its Yacht.

19.    INA is subrogated to the rights of Carney Trust regarding the damages to the Yacht.

WHEREFORE, the Carney Trust respectfully requests this court issue judgment against the Defendant, Burr Yacht Sales, Inc. in an amount to fairly compensate the Carney Trust for its damages and costs.

## COUNT II

### BREACH OF IMPLIED WARRANTY (Burr Yachts)

20.  The Carney Trust repeats and incorporates by reference the allegations contained in Paragraph 1 through 19 as if they were more fully set forth herein.

21.  The Defendant, Burr Yachts, is a merchant who sells, maintains and repairs Yachts.

22.  By selling the Carney Trust the Yacht and Battery Isolator, Burr Yachts impliedly warranted that the Yacht and Battery Isolator were fit for the purposes for which the Yacht and Battery Isolator were to be used.

23.  By selling the Carney Trust the Yacht which was not fit for the purposes for which the Yacht was to be used, Burr Yachts breached its implied warranty of merchantability.

24.  The damages suffered by the Carney Trust were caused by, and were a foreseeable result of, Burr Yachts' breach of warranty.

25.  As a result of the aforesaid breach of warranty, the Carney Trust suffered substantial property damage and was put to great expense in the repair of said property.

26.  INA is subrogated to the rights of the Carney Trust.

**WHEREFORE**, the Carney Trust prays that this Court issue judgment against the Defendant, Burr Yachts, in an amount to fairly compensate the Carney Trust for its damages plus interest and costs.

## COUNT III

## BREACH OF CONTRACT (Burr Yachts)

27. The Carney Trust repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 as if they were more fully set forth herein.

28. On or about March, 2001, the Defendant, Burr Yachts, entered into a contract whereby the Defendant, Burr Yachts, agreed to sell, and the Carney Trust agreed to purchase and did purchase, the Yacht. The Carney Trust also entered into an agreement with Burr Yachts for the repair of the Yacht.

29. Because the Defendant, Burr Yachts, held itself out to be a corporation in the business of selling, maintaining and repairing Yachts, the Carney Trust relied on Burr Yachts to sell, maintain and repair a Yacht that was of merchantable quality.

30. By providing the Carney Trust with a Yacht and/or Battery Isolator that was not of merchantable quality, the Defendant, Burr Yachts, breached its contract with the Carney Trust.

31. The damages suffered by the Carney Trust were caused by, and were a foreseeable result of, the breaches of contract by the Defendant, Burr Yachts.

32. As a result of the aforesaid breach of contract, the Carney Trust suffered substantial property damage and was put to great expense in the repair of said property.

33. INA is subrogated to the rights of the Carney Family Trust.

**WHEREFORE**, the Carney Trust prays that this Court issue judgment against the Defendant, Burr Yachts, in an amount to fairly compensate the Carney Trust for its damages plus interest and costs.

**COUNT IV**

**NEGLIGENCE (ProMariner)**

34.    The Carney Trust repeats and incorporates Paragraphs 1 through 33 as if they were more fully set forth herein.

35.    The Defendant, ProMariner, owed the Carney Trust a duty to design, manufacture, assemble and supply the Battery Isolator that was installed on the Yacht in a safe and workmanlike manner.

36.    By designing, manufacturing, assembling and supplying the Battery Isolator in such a way as to cause a fire, the Defendant, ProMariner, breached its duty to the Carney Trust.

37.    The damages suffered by the Carney Trust were the direct, proximate, and foreseeable result of the negligent design, manufacture, assembly and installation of the Battery Isolator by ProMariner.

38.    The damages suffered by Carney Trust would not have occurred but for the negligent design and manufacture of the Battery Isolator by ProMariner.

39.    As a result of the negligence and carelessness of ProMariner, the Carney Trust suffered $950,000.00 in damages to its Yacht.

40.    INA is subrogated to the rights of Carney Trust regarding the damages to the Yacht.

WHEREFORE, the Carney Trust respectfully requests this court issue judgment against the Defendant, Professional Mariner, LLC, in an amount to fairly compensate the Carney Trust for its damages and costs.

## COUNT V

## BREACH OF IMPLIED WARRANTY (ProMariner)

41.    The Carney Trust repeats and incorporates by reference the allegations contained in Paragraph 1 through 40 as if they were more fully set forth herein.

42.    The Defendant, ProMariner, is a merchant who sells battery isolators.

43.    By selling, assembling, manufacturing and supplying the Battery Isolator that was installed on the Yacht, ProMariner, impliedly warranted that the Battery Isolator was fit for the purposes for which the Battery Isolator was to be used.

44.    By placing the Battery Isolator into the stream of commerce and ultimately selling to the Carney Trust the Battery Isolator, which was not fit for the ordinary purposes for which Battery Isolators are used, ProMariner breached its implied warranty of merchantability.

45.    The damages suffered by the Carney Trust were caused by, and were a foreseeable result of, ProMariner's breach its implied warranty of merchantability.

46.    As a result of the aforesaid breach of warranty, the Carney Trust suffered substantial property damage and was put to great expense in the repair of said property.

47.    INA is subrogated to the rights of the Carney Trust.

**WHEREFORE**, the Carney Trust prays that this Court issue judgment against the

Defendant, ProMariner, in an amount to fairly compensate the Carney Trust for its

damages plus interest and costs.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

Respectfully Submitted
For the Plaintiff
By its attorney,

David J. Daly  BBO# 112840
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA  02481
(781) 237-0600

Dated:  6/18/04