UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSURANCE COMPANY OF )<br>NORTH AMERICA as subrogee of )<br>THE CARNEY FAMILY )<br>INVESTMENT TRUST )<br>)<br>Plaintiff )<br>v. )<br>)<br>BURR YACHT SALE, INC., )<br>PROFESSIONAL MARINER, LLC )<br>)<br>Defendants ) | C.A. NO. 1:04-cv-11476-NG |

## DEFENDANT PROFESSIONAL MARINER, LLC'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The defendant, Professional Mariner, LLC, in the above matter hereby files this its Motion to Dismiss for Lack of Personal Jurisdiction. The plaintiff Insurance Company of North America as subrogee of The Carney Family Investment Trust ("INA") failed to allege personal jurisdiction over the defendant in its Complaint, dated June 18, 2004. A plaintiff's failure to allege personal jurisdiction, or the grounds for personal jurisdiction, is sufficient to result in the dismissal of the cause action. Fed. R. Civ. P. 8(a)(1). See also Abdullah v. Acands, 30 F.3d 264 (1st Cir. 1994); U.S. v. Swiss American Bank, Ltd., 191 F.3d 30 (1st Cir. 1999). Accordingly, the plaintiff's complaint should be dismissed.

It is well established that a Massachusetts court lacks the authority to exercise *in personam* jurisdiction over a non-resident defendant unless it can be shown that: (1) jurisdiction is authorized by the Massachusetts long-arm statute; and (2) the exercise of jurisdiction under the long arm statute is consistent with the due process requirements

mandated by the United States Constitution. Bond Leather Co. v. Q.T. Shoe Mfg. Co., 760 F.2d 928, 931 (1st Cir. 1985). It is also well settled that when confronted with a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating sufficient facts to establish jurisdiction. Gray v. O'Brien, 777 F.2d 864, 866 (1st Cir. 1985); Catrone v. Ogden Suffolk Downs, Inc., 667 F.Supp. 850, 856 (D. Mass. 1986); Morrill v. Tong, 390 Mass. 120, 129 (1983).

Furthermore, the formal requirements of the Massachusetts long-arm statute must also be interpreted so as to be consistent with constitutional due process requirements. Ealing Corp. v. Harrods, Ltd., 790 F.2d 978, 983 (1st Cir. 1986). Due process requires that a defendant should not be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Rather, jurisdiction may only be exercised when the defendant acts in some way as to "purposefully avail[] itself of the privilege of conducting business activities within the forum State, thus invoking the benefits and protections of its laws." Id.; see Ealing, 790 F.2d at 983. The ultimate question is whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).[1]

---

[1] The defendant, Professional Mariner, LLC, is a New Hampshire corporation, with a principal place of business in Portsmouth, New Hampshire. Professional Mariner, LLC has no offices or agents for service of process in Massachusetts and is not registered or licensed to do business in Massachusetts. Even if the subject component part was sold by Professional Mariner, LLC to someone at sometime, which it does not admit, the Yacht which is the subject matter of the plaintiff's complaint was manufactured in the state of Maryland by Burr Yacht Sale, Inc. Professional Mariner, LLC had no contact at any time with the plaintiff or Burr Yacht Sale, Inc. with regards to the subject Yacht and the defendant has no knowledge as to how the subject component made its way to the subject Yacht.

2

WHEREFORE, for the above reasons, the defendant, Professional Mariner, LLC, hereby moves the Court for dismissal of all claims against it for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

## REQUEST FOR HEARING

The defendant, Professional Mariner, LLC, hereby requests a hearing on this motion.

BY ITS ATTORNEYS,

Emily G. Coughlin, BBO# 554526
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston MA 02110
(617) 988-8050

## CERTIFICATE OF SERVICE

I, Emily G. Coughlin, hereby state that I have served the foregoing upon all counsel of record by hand and first class mail this 23rd day of July, 2004 by serving same on David J. Daly, Daly Cavanaugh, LLP, 27 Mica Lane, Wellesley, MA 02481.

Emily G. Coughlin