UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:1:04-CV-11476-NG

| | |
|---|---|
| INSURANCE COMPANY OF NORTH AMERICA as the subrogee of THE CARNEY FAMILY INVESTMENT TRUST<br><br>Plaintiff<br><br>v.<br><br>BURR YACHT SALES, INC., and PROFESSIONAL MARINER, LLC<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO THE DEFENDANT PROFESSIONAL MARINER, LLC'S MOTION TO DISMISS

Insurance Company of North America, as the subrogee of the Carney Family Investment Trust (the "Plaintiff) hereby requests that the Court deny Defendant Professional Mariner, LLC's Motion to Dismiss for Lack of Personal Jurisdiction.

In support of its Opposition, the Plaintiff states the Complaint should not be dismissed because the Plaintiff has satisfied the requirements of F.R.C.P. 8(a)(2) by alleging Subject Matter Jurisdiction based on the complete diversity of citizenship. Furthermore, the Defendant's Motion to Dismiss must be denied because it does not satisfy the requirements of the Local Rules of the U.S. District Court for the District of Massachusetts. The Defendant's Motion is not accompanied by a memorandum of reasons, and the Defendant's Motion alleges facts which are not alleged in the Complaint

1

or supported by affidavits or other evidence as required by the Local Rules of the United States District Court for the District of Massachusetts. Furthermore, the Plaintiff's position regarding personal jurisdiction over the Defendants is not frivolous, and the Plaintiff's Complaint should not be dismissed prior to jurisdictional discovery.

## ARGUMENT

### I. The Plaintiff's Complaint Satifies the Requirements of F.R.C.P. 8(a).

The Defendant's Motion to Dismiss states that the Plaintiff's Complaint failed to allege the personal jurisdiction over the Defendant. The Defendant contends that this failure "is sufficient to result in the dismissal of the cause action." In support of this position the Defendant cites Abdullah v. Acands, 30 F.3d 264 (1st Cir. 1994), U.S. v. Swiss American Bank, Ltd., 191 F.3d 30 (1st Cir. 1999), and F.R.C.P. 8(a)(1). Neither these cases nor F.R.C.P. 8(a)(1) support the Defendant's claim that the Plaintiff's failure to allege personal jurisdiction over the Defendant in the Plaintiff's Complaint is sufficient to result in the dismissal of this action.

In Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993 (1998), the Plaintiffs sued a nonresident corporation for damages arising out of a white-river rafting trip. Gray at 994. The only statements regarding jurisdiction contained in the Plaintiff's Complaint alleged Subject Matter Jurisdiction based on Diversity of Citizenship. Id. The Defendant argued that the Plaintiff's Complaint should be dismissed because the Plaintiff did not allege personal jurisdiction over the Defendant. Id. at 995. In interpreting the language of Federal Rule of Civil Procedure 8(a)(1) requiring a Federal Complaint to contain "a short and plaint statement of the grounds upon which the court's jurisdiction depends," the Court stated that Federal Courts interpret this rule as referring to Subject

Matter Jurisdiction and not Personal Jurisdiction. Id. In Grey, the Court concluded that the Plaintiff's Complaint adequately plead the diverse citizenship of the Parties, and therefore the Complaint would not be dismissed on the grounds that the Plaintiff did not allege Personal Jurisdiction over the Defendant. Id.

In Caribbean Broadcasting System, LTD et al. v. Cable & Wireless, PLC et al, 148 F. 3d 1080 (1998), the Plaintiff brought an antitrust action against the Defendant. Caribbean at 1082. The United States District Court for the District of Columbia dismissed the Plaintiff's Complaint and the Plaintiff appealed. Id. In making its decision, the appeals court stated that the Plaintiff "had no obligation to make specific allegations relevant to personal jurisdiction in its complaint because lack of personal jurisdiction is an affirmative defense and so must be raised by the defendant." Id. at 1090.

Applying the Court's interpretation of F.R.C.P. 8(a)(1) from Grey and Caribbean, the Plaintiff's Complaint against Professional Mariner, LLC should not be dismissed because of the Plaintiff's failure to allege personal jurisdiction over the Defendant in the Complaint. The Plaintiff has met the requirements of F.R.C.P. 8(a)(1) by alleging subject matter jurisdiction based on the Diversity of Citizenship of all parties to the Complaint.

## II. The Defendant's Motion Fails to Meet the Requirements of the Local Rules of the United States District Court for the District of Massachusetts.

The Local Rules of the United States District Court for the District of Massachusetts applies to all proceedings filed in the U.S. District Court for the District of

Massachusetts. *See* L.R. D. Mass. Rule 1.2(a). <u>Abdullah v. Acands, Inc. et al.</u>, 30 F.3d 264 (1994) was an asbestos related case in which the Plaintiff's counsel argued that he was not bound to the Local Rules of the District of Massachusetts. <u>Abdullah</u> at 267. The Court concluded that the Plaintiff's counsel had "erroneously insisted that he was not bound by Local Rules." <u>Id.</u> at 269-70.

According to LR. D. Mass. 7(B)(1), a party filing a motion in the United States District Court for the District of Massachusetts must file a memorandum of reasons supporting the party's motion. The Defendant's Motion to Dismiss is not accompanied by a memorandum of reasons; therefore, the Plaintiff's Motion to Dismiss does not conform to the requirements of Local Rule 7.1(B)(1).

Furthermore, A party filing a motion in the United States District Court for the District of Massachusetts must at the same time file affidavits or other evidence setting forth or evidencing facts on which the motion is based. LR. D.Mass. 7.1(B)(1). The Defendant bases its Motion to Dismiss on facts alleged in a single footnote located on page 2 of the Defendant's Motion to Dismiss. However, these facts are neither alleged in the Complaint nor supported by affidavits or other evidence to support such facts, as required by the Local Rules for the District of Massachusetts. Because the Defendant has failed to comply with the Local Rules of the United States District Court for the District of Massachusetts, the Defendant's Motion must be denied.

### III. <u>The Plaintiff's Position on Personal Jurisdiction Over the Defendants is Not Frivolous.</u>

The Plaintiff alleges in its Complaint that the Defendant, Professional Mariner, LLC, manufactured, designed, sold, supplied, distributed and/or assembled the battery

Massachusetts. *See* L.R. D. Mass. Rule 1.2(a). <u>Abdullah v. Acands, Inc. et al.</u>, 30 F.3d 264 (1994) was an asbestos related case in which the Plaintiff's counsel argued that he was not bound to the Local Rules of the District of Massachusetts. <u>Abdullah</u> at 267. The Court concluded that the Plaintiff's counsel had "erroneously insisted that he was not bound by Local Rules." <u>Id.</u> at 269-70.

According to LR. D. Mass. 7(B)(1), a party filing a motion in the United States District Court for the District of Massachusetts must file a memorandum of reasons supporting the party's motion. The Defendant's Motion to Dismiss is not accompanied by a memorandum of reasons; therefore, the Plaintiff's Motion to Dismiss does not conform to the requirements of Local Rule 7.1(B)(1).

Furthermore, A party filing a motion in the United States District Court for the District of Massachusetts must at the same time file affidavits or other evidence setting forth or evidencing facts on which the motion is based. LR. D.Mass. 7.1(B)(1). The Defendant bases its Motion to Dismiss on facts alleged in a single footnote located on page 2 of the Defendant's Motion to Dismiss. However, these facts are neither alleged in the Complaint nor supported by affidavits or other evidence to support such facts, as required by the Local Rules for the District of Massachusetts. Because the Defendant has failed to comply with the Local Rules of the United States District Court for the District of Massachusetts, the Defendant's Motion must be denied.

### III.     <u>The Plaintiff's Position on Personal Jurisdiction Over the Defendants is Not Frivolous.</u>

The Plaintiff alleges in its Complaint that the Defendant, Professional Mariner, LLC, manufactured, designed, sold, supplied, distributed and/or assembled the battery

isolator which was installed into a 2001 55' Fleming Motor Yacht (the "Yacht"), which was purchased by the Carney Family Investment Trust. The Complaint also alleges that on or about September 9, 2002, while the Yacht was off the coast of Massachusetts, a fire erupted in the Yacht. The fire would not have occurred except for the negligent design, supply, manufacture and/or installation of the Battery Isolator by the Defendant, Professional Mariner, LLC.

In Levin v. Harned et al., 304 F. Supp. 2d 136 (2003), the Plaintiffs asserted common law claims against the Defendants arising out of alleged deceptive practices by antique dealers. Levin at 142. All five defendants filed motions to dismiss for lack of personal jurisdiction. Id. In assessing the Defendant's grounds for the Motions to Dismiss, the Court stated that "in the product liability area, the Supreme Court has held that a nonresident defendant may be subject to specific jurisdiction under a stream of commerce theory even if his actions giving rise to the suit occurred outside the forum state and he had no direct contact with the Plaintiff." Id. at 149. Quoting the Supreme Court's decision in Worldwide Volkswagen, the U.S. District Court further stated that the Due Process analysis requires that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. *quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

> "Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." Levin at 150 *quoting* Asahi Metal Ind. Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 94 L.Ed. 2d 92, 107 S. Ct. 1026 (1987).

According to the Professional Mariner, LLC web site, Professional Mariner, LLC sells its products to "virtually every boat builder in North America." *See* Professional Mariner Printout attached to the Affidavit of C. Ray Cliett. Furthermore, Professional Mariner's web site lists Ellett Brothers on their web site as a professional installer of Professional Mariner, LLC's products. *See* Where to Buy printout attached to the Affidavit of C. Ray Cliett. Ellett Brothers has forty-four dealers in Massachusetts. *See* Ellett Brothers' Dealer Locator attached to the Affidavit of C. Ray Cliett. Because Professional Mariner, LLC sells its products to virtually every boat builder in North America, and because Professional Mariner, LLC lists Ellett Brothers as a professional installer of Professional Mariner LLC's products, Professional Mariner, LLC could reasonably expect that it would be haled into court in Massachusetts.

Furthermore, Professional Mariner, LLC has not yet answered the Plaintiff's Complaint and no written discovery has taken place. Therefore, based on Professional Mariner, LLC's proclamation on its web site that it sells to virtually every boat builder in North America, the Plaintiff's position regarding personal jurisdiction over the Defendant is not frivolous and the Court should not grant the Defendant's Motion to Dismiss without first allowing jurisdictional discovery. The Plaintiff must be afforded the opportunity to request discovery with respect to the issue of personal jurisdiction, and the court's refusal to allow such discovery may be an abuse of discretion. United Elec. Workers v. 163 Pleasant Street Corp, 987 F.2d 39, n.18 (1st. Cir. 1993); Surpitsky v. Hughes-Keenan Corp., 362 F.2d 254, 255-56 (1st Cir. 1966) (District Court erred in refusing to allow a diligent plaintiff who was a stranger to a defendant corporation discovery on question of personal jurisdiction; *See also* 5A Charles A. Wright & Arthur

R. Miller, <u>Federal Practice and Procedure</u>, sec. 1351 at 256059 (2d ed. 1990) ("In particularly complex cases….it may be desirable to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction. Doing so will enable the parties to employ discovery on the jurisdictional issue, which might lead to a more accurate judgment than one made solely on the basis of the affidavits.")

## CONCLUSION

The Defendant's Motion to Dismiss should be denied. The Defendant has failed to follow the Local Rules of the United States District Court for the District of Massachusetts in that the Defendant's motion is not supported by a memorandum of reasons, and the facts alleged in the Defendant's motion are neither contained in the Complaint nor supported by affidavits or other evidence. The Plaintiff's Complaint also satisfies the requirements of Federal Rule of Civil Procedure 8(a)(1) in that it has made a short and plain statement that the court's jurisdiction is based on the complete diversity of citizenship of all the parties to the Plaintiff's Complaint. Furthermore, the Plaintiff's position on personal jurisdiction over the Defendants is not frivolous and should not be dismissed prior to jurisdictional discovery.

WHEREFORE, the Plaintiff respectfully requests that this court deny Defendant Professional Mariner, LLC's Motion to Dismiss.

Respectfully Submitted
For the Plaintiff
By its attorney,

David J. Daly  BBO# 112840
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA  02481
(781) 237-0600

Dated: 8/3/04