UNITED STATES DISCTRIC COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSURANCE COMPANY OF NORTH AMERICA, as subrogee of THE CARNEY FAMILY INVESTMENT TRUST<br>　　Plaintiff | ) ) ) ) ) ) | |
| V. | ) ) | CIVIL NO. 11476NG |
| BURR YACHT SALES, INC., PROFESSIONAL MARINER, LLC<br>　　Defendant | ) ) ) | |

9/1/04
By M.P.
Deputy Clerk

### DEFENDANT, BURR YACHT SALES, INC.'S MOTION TO DISMISS OR TRANSFER WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant, Burr Yacht Sales, Inc., by and through its counsel, Patrick M. McCormack, and, pursuant to Rule 12(b)(2), F.R.Civ. P., and 28 U.S.C. §1404(a), and Rule 7(b), Rules of the United States District Court for the District of Massachusetts, moves to dismiss or transfer this matter to the United States District Court for the District of Maryland. As grounds in support thereof, the defendant submits that this Honorable Court does not have personal jurisdiction over it. The defendant further relies upon the facts and authorities set out below as well as the Affidavit of Raymond Currey attached hereto.

**UNDERLYING FACTS**

The plaintiff, Insurance Company of North America, (hereinafter "ICNA") is an insurance company subrogated to the rights of its insured, the Carney Family Investment Trust (hereinafter "Carney"). Prior to the events leading up to the instant lawsuit, Carney purchased a 55' yacht from the defendant moving party, Burr Yacht Sales, Inc. (hereinafter "Burr") at its facility in Edgewater, Maryland. The yacht was manufactured in China and delivered by ship to the port of Baltimore Maryland. From Baltimore, it went to Edgewater where it was fitted out by Burr. Many optional features were installed in the yacht by Burr at

1

its facility in Edgewater Maryland. These options included sophisticated electronics packages, bow thrusters and the battery inverter system which is alleged to have caused the fire. The battery inverter was purchased by Burr in Maryland and installed by Burr in Maryland.

On September 9, 2002 while offshore in waters adjacent to Massachusetts, there was a fire on the yacht, causing property damage. The fire was extinguished, the yacht was towed to shore and remained in Massachusetts for approximately 3 months. The yacht was repaired to the extent necessary to make her sailable and was thereafter sailed to Maryland by a professional captain retained by ICNA. While in Maryland the yacht was put in storage by ICNA without repairs or cleanup performed. Salt water and other material used to extinguish the fire were not cleaned out and damage far in excess to that originally caused by the fire was permitted to occur. The yacht was stored at the Burr facility in Edgewater, Maryland for approximately one year at which time it was sold to a third-party.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, BURR YACHT SALES, INC.'S MOTION TO DISMISS OR TRANSFER

As of the time of the filing of the Complaint by the plaintiff in this matter and during the ownership of the yacht by Carney, Burr has not solicited or conducted any business in Massachusetts by its officers, employees, agents, by mail or any other means of communication. Burr has never had an office in Massachusetts, nor owns or leases any real estate in Massachusetts and has never acted as a director, manager, trustee or other officer of any company incorporated in or having a principal place of business in Massachusetts. Burr sold, serviced and partially constructed the yacht in question in Maryland.

On or about June 18, 2004 plaintiff filed the within action, asserting claims of negligence, breach of warranty and breach of contract.

## ARGUMENT

A.   Lack of Personal Jurisdiction

The burden is on the plaintiff to prove facts necessary to sustain jurisdiction. Dalmau Rodriguez v. Hughes Aircraft Co., 781 F.2d 9, 10 (lst Cir. 1986). Based upon the facts and authorities set out below, defendant submits that plaintiff has not and cannot meet that burden. As set forth in the Affidavit cited above, Defendant's contacts with the Commonwealth of Massachusetts are limited at best. They are certainly insufficient to satisfy constitutional due process requirements for the exercise of personal jurisdiction by this Court. The minimum contacts test first enunciated in International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), is applicable to both Fifth and Fourteenth Amendment due process analysis regarding personal jurisdiction over non-resident defendants. See DeJames, 654 F.2d at 283; Colon, 609 F.Supp. at 1472-73 (quoting Johnson Creative Arts v. Wool Masters, 743 F.2d 947, 950 n. 3 (lst Cir. 1984); see also, Glater v. Eli Lilley and Co., 744 F.2d 213, 215 (lst Cir. 1984).

In order to maintain a suit against Defendant in this court, the Plaintiff bears the burden of proving that the Defendant has "minimum contacts with the Commonwealth of Massachusetts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Show Co., 326 U.S. at 316; see also, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, (1980) (defendant's contacts with forum must be such that defendant reasonably anticipates being haled into court there); MBM Fisheries, Inc. v. Bollinger Machine Shop and Shipyard, Inc. 60 Wn. App 414, 804

P.2d 627 (1991). Thus, Plaintiff must prove that Burr has contacts with Massachusetts sufficient to support the exercise of personal jurisdiction over it by this Court.

Minimum contacts analysis involves a three-step process. Initially, some contacts between the defendant and the forum must be shown, if there are no contacts whatsoever, due processes will prohibit maintenance of suit in the forum. See, Jones v. North American Aerodynamics, Inc., 594 F.Supp 657, 659 (D.Me 1984), aff'd. 767 F.2d 905 (lst Cir. 1985) (citing World-Wide Volkswagen Corp., 444 U.S. at 295). If some contacts with the forum are shown, the second step is to determine whether those contacts are related to the plaintiff's cause of action; if the contacts are related to the suit, then they may form a basis for the exercise of personal jurisdiction over the defendant. See, Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 413-16 (1984); SEE also Stairmaster Sports/Medical Prods. V. Pacific Fitness Corp., supra at 1052 (citing Helicopteros Nacionales de Columbia). However, if the defendant's contacts with the forum are unrelated to the subject matter of the suit, then due process will prohibit maintenance of suit in that forum unless the defendant's contacts with the forum are "continuous and systematic". Id at 659. In any event, the defendant must purposefully avail itself of the privilege of conducting activities within a forum, the defendant's contacts with the forum cannot be merely fortuitous. See, State of Puerto Rico v. SS ZOE COLOCOTRONI, 628 F.2d 652, 668 (lst Cir. 1980) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958), see also, World-Wide Volkswagen Corp. 444 U.S. at 295, 297-98 (isolated, fortuitous contacts insufficient to establish jurisdiction). Thus, the exercise of personal jurisdiction is prohibited unless the defendant's purposeful contacts with the forum are either continuous and systematic, or related to the subject matter of the suit. Burr's contacts with the Commonwealth of Massachusetts are neither continuous nor

4

systematic and are not related to the subject matter of this action. There simply are not contacts with Massachusetts that have any relation to the case now before the court. The plaintiff's complaint relates to an allegedly defective component part of the yacht sold by Burr (complaint paragraph 10). The yacht was not designed, supplied nor manufactured in Massachusetts nor was the component part installed in Massachusetts Thus the occurrence at issue, the negligent design, manufacture, supply or installation did not take place in Massachusetts; Burr does not do business in Massachusetts and it is not a resident of Massachusetts. The moving defendant does not have sufficient contacts with Massachusetts to support the court's exercise of general jurisdiction in this matter:

> Courts have declined to confer general jurisdiction over nonresident corporations with similarly sparse contacts in cases involving maritime accidents outside of the forum state's territorial waters. See, e.g., Petroleum Services, 680 F.Supp at 495-96 (presence of support office in states for a little less than one year insufficient; Liaw Su Teng v. Skaarup Shipping Corp., 1984 AMC 781 (E.D. La.), rev'd on other grounds, 1986 AMC 1201, 743 F.2d 1140 (5 Cir. 1984) (three calls to Louisiana ports between 1977 and 1980 insufficient). Levesque v. Atlantic Dawn, 1992 AMC 510, 515 (d. Me 1992)

Any contact Defendant may have is wholly unrelated to the subject matter of this action thus precluding the exercise of specific jurisdiction. Therefore due process will prohibit the exercise of personal jurisdiction over Defendant by this court. See, MBM Fisheries, Inc. v. Bollinger Machine Shop and Shipyard, Inc., supra.

The Massachusetts long-arm statutes constitute an additional bar to jurisdiction over Defendant in this action. The applicable state long-arm statute must be complied with if personal service within the district is not possible. Omni Capital Inc'l v. Rudolf Wolff & Co., 484 U.S. 97, 107-108 (1987). Therefore, jurisdiction in this case must be consistent with both the U.S. Constitution and the Massachusetts long-arm statutes, and the Massachusetts statute cannot confer jurisdiction where such jurisdiction would violate due process. See,

5

conveniens doctrine. See, <u>Norwood v. Kirkpatrick,</u> 349 U.S. 29, 32 (1955). Consequently, a lesser showing of inconvenience will be sufficient to support a transfer under §1404(a).

Ordinarily, a plaintiff's choice of forum is afforded considerable weight. Where, however, none of the operative facts of the action occur in the forum selected by the plaintiff, such choice is deserving of less weight. <u>Edwards v. Texaco, Inc.</u>, 702 F.Supp 101 (E D Pa. 1988); <u>Schmidt v. Leader Dogs for the Blind</u>, 544 F.Supp. 42 (E.D. Pa. 1982).

2. <u>For the Convenience of the Parties and Witnesses and in the Interest of Justice, this Matter Should Be Transferred to Maryland</u>

If the considerations outlined above are applied to the facts in this case, it is clear that the case should be transferred to the District of Maryland. Regarding access to sources of proof, the vast majority of witnesses in this action are located in the State of Maryland. Such witnesses would include not only the employees of Burr but also the individuals who may have worked on the yacht before and after she was in Maryland. Unwilling witnesses located in Maryland, or elsewhere, would not be subject to compulsory process issued in the District of Massachusetts. Because federal statutes and Maryland law will apply uniformly in this case regardless of whether the action is brought in Massachusetts or Maryland, there is no conflict-of-law problem affecting the interests of justice. Massachusetts has little interest in bearing the expense of trying this action that arose from events in Maryland, the cause of which has no connection with Massachusetts.

## II. <u>CONCLUSION</u>

WHEREFORE, the defendant respectfully moves this Honorable Court to dismiss this action or, in the alternative, to transfer it to the District of Maryland together with

such other further or different relief as this Court deems just and proper.

By its attorney,

_____
Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614

## CERTIFICATE OF SERVICE

I, Patrick M. McCormack, attorney for the Defendant, Arthur & Marilyn Burr, in the above-entitled action, hereby certify that on the      day of August, 2004, I mailed a copy of the within Motion to Dismiss or Transfer, postage prepaid, to:

David J. Daly, Esquire
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA  02481

_____
Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614