UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:1:04-CV-11476-NG

| | |
|---|---|
| INSURANCE COMPANY OF NORTH AMERICA as the subrogee of THE CARNEY FAMILY INVESTMENT TRUST<br><br>Plaintiff<br><br>v.<br><br>BURR YACHT SALES, INC., and PROFESSIONAL MARINER, LLC<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF INSURANCE COMPANY OF NORTH AMERICA'S OPPOSITION TO THE DEFENDANT BURR YACHT SALES, INC.'S MOTION TO DISMISS OR TRANSFER

Insurance Company of North America, as the subrogee of the Carney Family Investment Trust (hereinafter referred to as the "Plaintiff) hereby requests that the Court deny Burr Yacht Sales, Inc.'s (hereinafter referred to as the "Defendant") Motion to Dismiss or Transfer.

In support of its Opposition, the Plaintiff states the Complaint should not be dismissed since (1) the Complaint alleges facts sufficient to reasonably support an inference that the Defendant is subject to jurisdiction within Massachusetts pursuant to both the Massachusetts "Long Arm" statute and the Due Process requirement of minimum contacts; and (2) the Plaintiff should be allowed to conduct jurisdictional discovery.

1

## ARGUMENT

I. **Sufficient Contacts Exist to Between the Defendant and the Commonwealth to satisfy both the Massachusetts Long-Arm Statute and the Constitution.**

A. **Massachusetts Long-Arm Statute**

The Plaintiff alleges in its Complaint that the Defendant entered into a contract with the Carney Family Investment Trust, whereby Burr Yacht Sales agreed to sell a 2001 55' Fleming Motor Yacht (the "Yacht"), to the Carney Family Investment Trust. The Plaintiff also alleges in its Complaint that the Yacht was equipped with a Battery Isolator, which was installed into the Yacht by an agent, servant or employee of Burr Yacht Sales. The Complaint also alleges that on or about September 9, 2002, while the Yacht was off the coast of Massachusetts, a fire erupted in the Yacht. The fire would not have occurred except for the negligent installation of the Battery Isolator by Burr Yacht Sales into the Yacht.

"In diversity cases...the district court's personal jurisdiction over a nonresident is governed by the forum state's long arm statute." Nowak v. Tak How Investments, 94 F.3d 708,712; 1996 U.S. App. LEXIS 21497 (1996). According to M.G.L. ch. 223A, Section 3(d), this court may exercise personal jurisdiction over the Defendant as to a cause of action arising from the Defendant's "causing tortious injury in this commonwealth or by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered, in this commonwealth."

The Plaintiff has not yet had the opportunity to conduct formal discovery; however, according to the Fleming Yachts Website, Burr Yacht Sales is the distributor of

Fleming Yachts for the entire U.S. East Coast. *See* Fleming Yacht Sales Printout attached to the Affidavit of C. Ray Cliett. Based on the above, it can be reasonably inferred that the Defendant regularly solicits business in Massachusetts and derives substantial revenues from Massachusetts residents.

Therefore, the jurisdictional requirements of the Massachusetts Long Arm Statute are satisfied. The Defendant caused a tortious injury in the Commonwealth, and as the U.S. East Coast Distributor of Fleming Yachts, the Defendant regularly solicits business or engages in a persistent course of conduct with the Commonwealth.

### B.   Constitutional Requirements

The First Circuit has adopted a two prong analysis minimum contacts based on (1) relatedness and (2) purposeful availment. Turpin v. Mori Seiki Co., Ltd. et al., 56 F. Supp. 2d 121, 126 (1999). "As to the relatedness, the court looks for proximate causation between the defendant's contact with the forum state and the alleged wrong asserted in the plaintiff's suit." Id. The purposeful availment prong focuses on voluntariness and foreseeability. "The defendant's contacts with the forum state must be voluntary – that is not based on the unilateral actions of another party or a third person…In addition, the defendants contacts with the forum state must be such that he should reasonably anticipate being haled into court there." Id.

In Turpin, the Plaintiff was seriously injured in an industrial accident when he was dragged into a piece of industrial machinery manufactured by a foreign manufacturer. Id. at 123. The suit was removed to the United States District Court for the District of Massachusetts where the foreign manufacturer moved to dismiss for lack of personal jurisdiction. Id. In deciding that the Court could exercise personal

3

jurisdiction over the foreign manufacturer, the Court stated: "The Commonwealth has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders..." Turpin at 127.

In Levin v. Harned et al., 304 F. Supp. 2d 136 (2003), the Plaintiffs asserted common law claims against the Defendants arising out of alleged deceptive practices by antique dealers. Levin at 142. All five defendants filed motions to dismiss for lack of personal jurisdiction. Id. In assessing the Defendant's grounds for the Motions to Dismiss, the Court stated that "in the product liability area, the Supreme Court has held that a nonresident defendant may be subject to specific jurisdiction under a stream of commerce theory even if his actions giving rise to the suit occurred outside the forum state and he had no direct contact with the Plaintiff." Id. at 149. Quoting the Supreme Court's decision in Worldwide Volkswagen, the U.S. District Court further stated that the Due Process analysis requires that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. *quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

"Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." Levin at 150 *quoting* Asahi Metal Ind. Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 94 L.Ed. 2d 92, 107 S. Ct. 1026 (1987).

In the present case, the contacts made by the Defendant, as the U.S. East Coast Distributor for Fleming Yachts, had to do with the products distributed by the Defendant. The Carney Family Investment Trust, a trust formed under the laws of the Commonwealth of Massachusetts, suffered a loss as a result of the Defendant's negligent installation of the Battery Isolator onto the Fleming Yacht. Therefore, the Fleming Yacht sold by the Defendant to the Carney Family Investment Trust is related to the plaintiff's cause of action.

With respect to the purposeful availment requirement, the Defendant's contact with the forum state, as the U.S. East Coast distributor for Fleming Yachts, was voluntary and not based on the unilateral actions of third parties. Furthermore, as the U.S. East Coast distributor for Fleming Yachts, the Defendant could expect to hailed into court in the Commonwealth of Massachusetts when it sells a yacht to a Trust formed under the laws of the Commonwealth of Massachusetts.

## II.     The Plaintiff Should be Allowed to Request Jurisdictional Discovery.

The Defendant has not yet answered the Plaintiff's Complaint and no written discovery has taken place. Therefore, based on Burr Yacht's proclamation on its web site that it has a worldwide customer base and the listing of Burr Yachts on the Fleming website as a distributor of Fleming Yachts for the entire U.S. East Coast, the Plaintiff's position regarding personal jurisdiction over the Defendant is not frivolous and the Court should not grant the Defendant's Motion to Dismiss without first allowing jurisdictional discovery.

The Plaintiff must be afforded the opportunity to request discovery with respect to the issue of personal jurisdiction, and the court's refusal to allow such discovery may be

an abuse of discretion. <u>United Elec. Workers v. 163 Pleasant Street Corp</u>, 987 F.2d 39, n.18 (1st. Cir. 1993); <u>Surpitsky v. Hughes-Keenan Corp.</u>, 362 F.2d 254, 255-56 (1st Cir. 1966) (District Court erred in refusing to allow a diligent plaintiff who was a stranger to a defendant corporation discovery on question of personal jurisdiction; *See also* 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, sec. 1351 at 256059 (2d ed. 1990) ("In particularly complex cases,…it may be desirable to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction. Doing so will enable the parties to employ discovery on the jurisdictional issue, which might lead to a more accurate judgment than one made solely on the basis of the affidavits.")

## CONCLUSION

The Defendant's Motion to Dismiss should be denied. The Plaintiff has met its burden of establishing a *prima facie* case for *in personam* jurisdiction over the Defendant, based on (1) the Defendant's status as the exclusive East Coast dealer of Fleming Yachts, (2) the fact that the injury occurred in Massachusetts, (3) that the evidence suggests that the Defendant derives substantial revenue from the residents of Massachusetts, and (4) the fact that the injury occurred in Massachusetts. In the interest of justice, the case should not be dismissed prior to jurisdictional discovery.

WHEREFORE, the Plaintiff respectfully requests that this court deny Defendant Burr Yacht Sales, Inc.'s Motion to Dismiss or Transfer.

The Plaintiff requests a hearing on this matter.

Respectfully Submitted
For the Plaintiff
By its attorney,

David J. Daly BBO# 112840
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA 02481
(781) 237-0600

Dated: 9/13/04